[S.F. No. 23537. Feb. 3, 1977.]

In re ROBERT LEIGH REYNOLDS on Suspension.

**COUNSEL**

Robert Leigh Reynolds, in pro. per., Mandich, Clark & Barker and Ronald A. Clark for Petitioner.

Herbert M. Rosenthal for Respondent.

**OPINION**

**THE COURT.**—Robert Leigh Reynolds, admitted to practice in 1967, was convicted on his guilty plea of one count of grand theft by embezzlement. (Pen. Code, § 487, subd. 1.) He was granted probation. Since the offense involved moral turpitude, we referred the matter to the State Bar for a hearing, report, and recommendation on the question of discipline. The disciplinary board, after considering the facts and circumstances of Reynolds' conviction recommended that he be suspended from the practice of law for five years but that execution of the order be stayed and he be placed on probation for five years on conditions including that he be actually suspended for one year and until he makes restitution of at least $1,000, the periods of probation and actual suspension to date from the effective date of our order.

This court, after reviewing the entire record and considering the facts and circumstances, has concluded the disciplinary board's recommendation should be adopted, except that condition 2 is modified to read "He shall pass a professional responsibility examination within the period of his actual suspension." Evidence that some of the conditions of

probation have already been satisfied should be submitted to the State Bar.

Effective March 7, 1977, Robert Leigh Reynolds is ordered suspended from the practice of law in this state for a period of five years. Execution of such suspension is stayed for five years during which period he is placed on probation upon the following conditions: That he be suspended for the first year and until he reimburse an aggregate of $1,000, that he pass the Professional Responsibility Examination during the period of actual suspension, and that he comply with remaining conditions set forth in the "Decision" adopted by the disciplinary board on August 6, 1976. It is further ordered that he comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively, after the effective date of this order.